UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ROGERS, *et al.*,

        Plaintiffs,

   v.

DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES, *et al.*,

        Defendants.

Case No. C21-5248-RAJ-MLP

ORDER

This is a 42 U.S.C. § 1983 civil rights class action. This matter comes before the Court on Plaintiffs' "Motion for Extension of Deadline to Join Additional Defendants" ("Plaintiffs' Motion") (Pls.' Mot. (Dkt. # 47)). Defendants oppose Plaintiffs' Motion (dkt. # 51) and Plaintiffs filed a reply (dkt. # 57).

On April 6, 2021, Plaintiffs filed a class-action complaint, naming a number of "John Doe" defendants. (Dkt. # 1.) On June 28, 2021, the parties submitted a joint status report requesting that additional parties be joined by September 30, 2021. (Dkt. # 44 at 2.) On July 6, 2021, the Court issued a pretrial scheduling order requiring additional parties be joined by August 6, 2021. (Dkt. # 45 at 1.) On July 22, 2021, this Court issued a report and recommendation on Defendants' motion to dismiss (dkt. # 32) that recommended Plaintiffs be

ORDER - 1

granted leave to amend their federal law claim for injunctive relief, as raised against individually named Defendants in their official capacities, which remains pending adoption and approval. (Dkt. # 46.)

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order shall not be modified except upon a showing of good cause and by leave of the Court. To establish "good cause," parties seeking modification must generally show that they cannot meet the established deadlines despite the exercise of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

In this case, Plaintiffs' Motion requests an extension of time to join additional parties based on an investigative report Plaintiffs received in discovery regarding incidents involving Plaintiffs in 2018 and 2019. (Nagy Decl. (Dkt. # 48) at ¶ 2, Ex. 1 (Dkt. # 50-1) at 2-9.) In addition, Plaintiffs have filed a written notice signifying their intent to name 17 additional defendants. (Dkt. # 49.) Defendants argue that good cause for the extension does not exist because the additional defendants sought to be included were previously identifiable in documents provided as part of Defendants' initial disclosures on June 21, 2021, before the Court's scheduling order was entered.[1] (Dkt. # 51 at 4; Judge Decl. (Dkt. # 52) at ¶ 2.)

Here, the Court finds that an extension of the deadline is warranted. Based on the record before the Court, Plaintiffs exercised diligence in seeking to join additional defendants through the discovery process. Plaintiffs note they re-served discovery requests upon the Defendants following the Rule 26(f) conference on June 21, 2021. (*See* Pls.' Mot. at 4.) The Defendants

---

[1] Defendants additionally argue that Plaintiffs' listing of additional defendants in and of itself is insufficient to state claims in a § 1983 action. (Dkt. # 51 at 3-4.) However, the Court notes that Plaintiffs have yet to file a motion to amend their complaint, and instead, only seek an extension of time on the deadline to join additional defendants at this time. (*See* Pls.' Mot. at 1-2.) Consequently, any argument regarding whether Plaintiffs have failed to state claim as to the additional named defendants is premature.

ORDER - 2

provided discovery related to these requests on July 21, 2021, but due to technical difficulties in processing the electronic documents, Plaintiffs' counsel was unable to fully access the documents until July 23, 2021. (*Id.*) As a result, Plaintiffs' counsel submits she did not receive all relevant documents until July 23, 2021, and that upon reviewing those specific documents not previously provided in initial disclosures, was able to identify the additional defendants. (*See* Nagy Decl. at ¶ 2, Ex. 1 at 2-9; *see also* Judge Decl. at ¶ 3.) Furthermore, Plaintiffs sought this extension and submitted a notice of intent to join the additional defendants prior to the expiration of the Court's August 6, 2021 deadline. (*See* dkt. # 49.) The Court notes that an extension of time of the deadline to join additional defendants will also promote judicial economy as Plaintiffs seek to amend their complaint and join additional defendants in a single amended complaint rather than requiring Plaintiffs to file two amended complaints with accompanying motions. (*See* Pls.' Mot. at 1-2, 5-6.) Finally, Defendants have failed to demonstrate or otherwise argue that they would be prejudiced by such an extension. (*See* dkt. # 51 at 4.)

Accordingly, the Court finds Plaintiffs have demonstrated good cause for an extension of time to **September 7, 2021**, to join additional defendants in this matter. The Clerk is directed to send copies of this Order to the parties and to the Honorable Richard A. Jones.

Dated this 23rd day of August, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3