UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ROGERS, *et al.*,

                    Plaintiffs,

        v.

DEPARTMENT OF CHILDREN, YOUTH
AND FAMILIES, *et al.*,

                    Defendants.

Case No. C21-5248-RAJ-MLP

ORDER

## I.    INTRODUCTION

This is a 42 U.S.C. § 1983 civil rights class action. This matter comes before the Court on Plaintiffs' "Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment" ("Extension Motion"). (Dkt. # 69.) In addition, Plaintiffs filed a motion for leave to file a first amended complaint ("Plaintiffs' Motion to Amend Complaint") (dkt. # 67) and Defendants filed a motion for summary judgment ("Defendants' Motion for Summary Judgment") (dkt. # 63).

Having considered the parties' submissions, the balance of the record, and the governing law, the Court hereby ORDERS that Plaintiffs' Extension Motion (dkt. # 69) and Motion to

Amend Complaint (dkt. # 67) are GRANTED, and that Defendants' Motion for Summary Judgment (dkt. # 63) is STRICKEN without prejudice to refiling, as explained further below.

## II.   BACKGROUND

In this case, Plaintiffs filed claims against the Washington State Department of Children, Youth, and Families ("DCYF") and 11 DCYF employees on the basis that Defendants, through DCYF's Juvenile Rehabilitation Division, are actively engaged in handcuffing and holding youths in solitary cells to punish or coerce compliance with DCYF staff. (Dkt. # 1 at 1-3, 20-22.) On July 22, 2021, this Court issued a Report and Recommendation recommending: (1) dismissal of DCYF from this action; (2) that Plaintiffs' state and federal law claims for damages, as raised against individually named Defendants in their official capacities, be dismissed; (3) that Plaintiffs' state law claims for injunctive relief be dismissed; and (4) that Plaintiffs' federal law claims for injunctive relief, as raised against individually named Defendants in their official capacities, be dismissed without prejudice but that Plaintiffs be granted leave to amend their federal law claims for injunctive relief. (Dkt. # 46 at 14-15.) Objections have been filed to this Court's Report and Recommendation, and it remains pending determination at this time. (Dkt. ## 53, 55.)

On August 23, 2021, this Court granted Plaintiffs an extension of time to join additional defendants (dkt. # 59), and on September 7, 2021, Plaintiffs submitted their Motion to Amend Complaint (dkt. # 67). However, prior to Plaintiffs' submission of their Motion to Amend Complaint, Defendants filed their Motion for Summary Judgment on September 2, 2021. (Dkt. # 63.) Defendants' Motion for Summary Judgment primarily argues that Defendants Jody Becker, Rebecca Kelly, Marybeth Queral, Harvey Perez, Jennifer Redman, Benny Swenson, Anthony Harper, William Dollarhyde, Oswaldo Rosero, and Michael Smith are entitled to

qualified immunity. (*Id.* at 1, 8-21.) On September 9, 2021, Plaintiffs filed their Extension

Motion, pursuant to Federal Rule of Civil Procedure 56(d), arguing that Plaintiffs require

additional discovery to properly respond to Defendants' qualified immunity defense asserted in

their Motion for Summary Judgment. (Dkt. # 69 at 1.) On September 15, 2021, Defendants filed

a response opposing Plaintiffs' Extension Motion. (Dkt. # 72.) On September 17, 2021, Plaintiffs

filed a reply in support of their Extension Motion. (Dkt. # 74.)

On September 20, 2021, Defendants filed a response opposing Plaintiffs' Motion to

Amend Complaint and Plaintiffs filed a response to Defendant's Motion for Summary Judgment.

(Dkt. ## 76, 78.) On September 24, 2021, Plaintiffs filed a reply to their Motion to Amend

Complaint and Defendants filed a reply to their Motion for Summary Judgment. (Dkt. ## 86-87.)

This matter is now ripe for the Court's review.

## III.   DISCUSSION

### A.   Motion to Strike

First, in Defendants' Response to Plaintiffs' Extension Motion, Defendants note that

Plaintiffs' counsel failed to meet and confer with opposing counsel prior to filing Plaintiffs'

Extension Motion. (Dkt. # 72 at 7.) Plaintiffs respond that any technical violation of the Court's

meet and confer requirement was remedied, and in any event, Defendants were not prejudiced by

the failure. (Dkt. # 74 at 5-6.)

Per both the Honorable Richard A. Jones' Chambers Procedures, and this Court's

Chamber Procedures:

> For all cases, except applications for temporary restraining orders, counsel
> contemplating the filing of any motion shall first contact opposing counsel to
> discuss thoroughly, preferably in person, the substance of the contemplated motion
> and any potential resolution. The Court construes this requirement strictly.
> Half-hearted attempts at compliance with this rule will not satisfy counsel's
> obligation.

1

2

3

4

> The parties must discuss the substantive grounds for the motion and attempt to reach an accord that would eliminate the need for the motion. The Court strongly emphasizes that discussions of the substance of contemplated motions are to take place, if at all possible, in person. All motions must include a declaration by counsel briefly describing the parties' discussion and attempt to eliminate the need for the motion and the date of such discussion. Filings not in compliance with this rule may be stricken.

5    Pursuant to Local Rule 1(c)(6), "meet and confer" means a good faith conference in person, or

6    by telephone, to attempt to resolve the matter in dispute without the court's involvement. "The

7    Court and Federal and Local Rules have this requirement to minimize waste of judicial time and

8    resources on issues that could be resolved amongst the parties." *Elec. Mirror, LLC v. Avalon*

9    *Glass & Mirror Co.*, 2018 WL 3862250, at *1 (W.D. Wash. Aug. 14, 2018).

10           Plaintiffs' counsel submits that based upon the prior course of conduct between the

11   parties and because the parties' counsel discussed Plaintiffs' need for additional discovery

12   related to the issue of qualified immunity previously, Plaintiffs' counsel did not believe that

13   Defendants wished to meet and confer before the filing of Plaintiffs' Extension Motion. (Dkt.

14   # 74 at 5-6 (citing Straley Decl. (Dkt. # 71) at ¶¶ 6-34).) After becoming aware that Defendants'

15   counsel wished to meet and confer, Plaintiffs arranged for a meet and confer two days after filing

16   the Extension Motion. (*Id.* (citing Straley Decl. at ¶¶ 23-26).) Per Plaintiffs, Defendants at that

17   meeting acknowledged that Defendants' position would not have been different had the meet and

18   confer happened prior to the filing of the Extension Motion and that they had not been prejudiced

19   by the delay. (*Id.* (citing Straley Decl. at ¶¶ 28-30).)

20           Here, the Court finds Plaintiffs' counsel promptly cured their failure to meet and confer

21   before filing the Extension Motion. As noted in the record, Plaintiffs' counsel promptly remedied

22   the initial failure to meet and confer by contacting Defendants' counsel two days after filing the

23   Extension Motion. (*See* Straley Decl. at ¶¶ 23-26.) At that time, Defendants did not indicate they

ORDER - 4

were prejudiced by Plaintiffs' failure to meet and confer and that their position would have

remained the same regardless if the meeting had occurred. (*See id.* at ¶¶ 28-30.) Furthermore,

Defendants do not presently argue that they were prejudiced by Plaintiffs' counsel's initial

failure to meet and confer. (*See* dkt. # 72 at 7.)

As such, the Court declines Defendants' request to strike Plaintiffs' Extension Motion

and, therefore, will consider its merits.

### B.      Motion for Extension of Time

Next, per Plaintiffs' Extension Motion, Plaintiffs note that Defendants submitted a

declaration from Green Hill School ("GHS") Superintendent Jennifer Redman in support of their

Motion for Summary Judgment that includes statements of fact and opinion. (Dkt. # 69 at 1; *see*

*also* Redman Decl. (Dkt. # 65).) As a result, Plaintiffs contend they are entitled to an extension

of time to respond so that Plaintiffs may seek appropriate discovery to address Superintendent

Redman's allegations and the basis for Defendants' qualified immunity defense. (Dkt. # 69 at

1-2.) Plaintiffs argue that further factual development is needed through discovery because

Defendants' safety justification for the handcuffing practices is pretextual. (*Id.* at 6.) Plaintiffs

additionally argue Defendants have advocated the necessity of their strip search practices due to

contraband concerns but have refused to provide Plaintiffs with any discovery regarding the

prevalence of such searches.[1] (*Id.* at 7.) Defendants counter that an extension of time to respond

is not warranted because Plaintiffs can raise Rule 56(d) in their response to Defendants' Motion

---

[1] Plaintiffs also request additional time to develop expert testimony to counter Defendants' submitted evidence with their Motion for Summary Judgment. (Dkt. # 69 at 2.)

ORDER - 5

1    for Summary Judgment and because Plaintiffs failed to identify facts that would change the

2    Court's qualified immunity analysis.[2] (Dkt. # 72 at 1-2.)

3           Rule 56(d) allows the Court to deny or continue a motion for summary judgment if the

4    defending party establishes that it is unable to properly defend against the motion. Fed. R. Civ. P.

5    56(d). Under Rule 56(d), a party's request must be: "(a) a timely application which (b)

6    specifically identifies (c) relevant information, (d) where there is some basis for believing that

7    the information sought actually exists." *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust*

8    *Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004). The movant "must make clear what

9    information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140

10   F.3d 850, 853 (9th Cir. 1998). Courts have frequently held that discovery may be necessary to

11   allow plaintiffs to respond to summary judgment motions on the basis of qualified immunity. *See*

12   *e.g., Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *see also Lawson v. Carney*, 2016 WL

13   2745829, at *2 (E.D. Wash. May 11, 2016) (finding discovery before qualified immunity

14   decision under Rule 56(d) "may be appropriate where, for example, the defendant's

15   characterization of his actions differ from the plaintiff's characterization of those actions . . . .");

16   *aff'd* 765 F. App'x 308 (9th Cir. 2019); *Castillo v. Skwarski*, 2009 WL 4844801, at *10-11

17   (W.D. Wash. Dec. 10, 2009).

18          Here, the Court finds that an extension of Plaintiffs' time to respond to Defendants'

19   Motion for Summary Judgment is warranted. Plaintiffs' Extension Motion was timely filed, and

20   as previously noted by the Court, Plaintiffs have been diligent in engaging in the discovery

21   process. (*See* dkt. # 59 at 2-3.) Furthermore, based on the record before the Court, the Court finds

22

23   _____

     [2] Plaintiffs additionally raised Rule 56(d) in their response to Defendants' Motion for Summary
     Judgment. (Dkt. # 78 at 1 n.1, 8 n.2.)

Superintendent Redman's declaration includes allegations regarding Defendants' qualified immunity defense to Plaintiffs' claims that Plaintiffs will need further discovery to address. Specifically, Superintendent Redman's declaration includes information regarding the training GHS staff receive, what actions GHS staff take to deter contraband in its facilities, and the necessity of using mechanical restraints to prevent residents from ingesting contraband or from being a danger to themselves or others. (*See id.* at ¶¶ 5-8.) In addition, the Court notes Defendants filed their dispositive motion early in this case. The dispositive motions deadline is not until July 25, 2022, and a trial date has not yet been set.

Accordingly, the Court finds Plaintiffs have adequately demonstrated a need for an extension of time to respond to Defendants' Motion for Summary Judgment.

**C.     Motion to Amend Complaint**

Plaintiffs' Motion to Amend Complaint requests leave to: (1) remove claims pursuant to prior agreement between Plaintiffs and Defendants; (2) to update factual allegations relating to the ongoing nature of Defendants' practice of handcuffing youth in solitary confinement; and (3) to add 11 additional Defendants recently identified through discovery. (Dkt. # 67 at 1.) This Court previously recommended leave be afforded to Plaintiffs to amend their federal law claims for injunctive relief against individually named Defendants in their official capacity to demonstrate a continuing violation of federal law. (Dkt. # 46 at 9-11.) In addition, as noted in this Court's grant of extension of time to join additional defendants (dkt. # 59), this Court also previously found that Plaintiffs exercised diligence in seeking to join additional defendants through the discovery process to amend their complaint.[3]

---

[3] The Court's grant of an extension of time on Plaintiffs' deadline to join additional defendants was additionally granted in an effort to promote judicial economy as Plaintiffs sought to amend their complaint, and join additional defendants, in a single amended complaint rather than requiring multiple amended complaints with accompanying motions. (*See* dkt. # 59 at 4.)

1    Defendants argue that though Plaintiffs were given leave to amend to add additional

2    defendants by this Court, Plaintiffs' amended complaint attempts to correct deficiencies

3    regarding injunctive and declaratory relief under the Eleventh Amendment before Judge Jones

4    has ruled on this Court's Report and Recommendation that recommended granting such leave.

5    (Dkt. # 76 at 1-2; *see also* dkt. # 46 at 10-11.) Consequently, Defendants argue that Plaintiffs

6    "put[] the cart before the horse" in attempting to amend where the Court has not yet granted

7    leave. (Dkt. # 76 at 1-2.) In the alternative, Defendants argue Plaintiffs' proposed amendments

8    would be futile because Plaintiffs' amended declaratory and injunctive claims remain barred

9    under the Eleventh Amendment and because Plaintiffs lack standing to seek injunctive relief.[4]

10   (*Id.* at 1-2.)

11       Pursuant to Rule 15(a)(2), the court should "freely give" leave to amend "when justice so

12   requires." Five factors are considered: (1) bad faith, (2) undue delay, (3) prejudice to the

13   opposing party, (4) futility of amendment, and (5) whether the party has previously amended its

14   pleading. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Props.,*

15   *Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). The third factor of prejudice is the

16   "touchstone of the inquiry." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th

17   Cir. 2003). The burden is on the party opposing amendment to show that amendment is not

18   warranted. *Wizards of the Coast, LLC v. Cryptozoic Entm't, LLC*, 309 F.R.D. 645, 649 (W.D.

19   Wash. 2015).

20

21

22   [4] Defendants further note that Plaintiffs' attached redlined version of their proposed amended complaint fails to accurately highlight all of the amendments to the original complaint. (Dkt. # 76 at 3; *see* Judge Decl. (Dkt. # 77), Ex. A.) Plaintiffs are directed to file an accurate redline with the submission of their proposed amended complaint after Judge Jones' determination of the Court's previous Report and Recommendation.

23

1    Here, in considering the factors, Defendants fail to demonstrate they would be prejudiced

2    by Plaintiffs' Motion to Amend Complaint. Defendants argue they are prejudiced because

3    Plaintiffs are proposing amendments "they have not yet been given leave to propose." (Dkt. # 76

4    at 3.) However, Plaintiffs filed their Motion to Amend Complaint pursuant to this Court's

5    scheduling order and this Court's previous grant of an extension to add additional defendants.

6    (Dkt. ## 45, 59.) Defendants fail to demonstrate how they are prejudiced by Plaintiffs'

7    compliance with the Court's deadlines, nor do they argue that Plaintiffs have sought to amend in

8    bad faith or with any undue delay. Furthermore, the Court notes that Plaintiffs have not

9    previously amended their complaint.

10    Moreover, the Court does not find that Plaintiffs' amendments are futile because they are

11    barred by the Eleventh Amendment. As considered in the Court's previous Report and

12    Recommendation, *Ex parte Young* doctrine serves as an exception to Eleventh Amendment

13    sovereign immunity. *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citing *Ex parte Young*, 209 U.S.

14    123 (1908)). Under *Ex parte Young*, a state official in his or her official capacity is considered a

15    "person" for § 1983 purposes and thus the Eleventh Amendment does not prevent a federal court

16    from granting a claim for prospective injunctive relief to prevent a continuing violation of federal

17    law. *See e.g.*, *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002); *Green*, 474

18    U.S. at 68. In determining whether *Ex parte Young* doctrine provides an exception to an Eleventh

19    Amendment bar to suit, "a court need only conduct a 'straightforward inquiry into whether [the]

20    complaint alleges an ongoing violation of federal law and seeks relief properly characterized as

21    prospective.'" *Verizon Md., Inc.*, 535 U.S. at 645 (quoting *Idaho v. Coeur d'Alene Tribe of*

22    *Idaho*, 521 U.S. 261, 296 (1997)).

23

ORDER - 9

1      At this juncture, the Court finds Plaintiffs' allegations in their amended complaint

2   conform with the requirements of *Ex parte Young*. Here, Plaintiffs' amended complaint asserts

3   that Defendants continue to violate Plaintiffs' Eighth and Fourteenth Amendment rights by

4   handcuffing youths who verbally refuse strip searches and by placing them into solitary

5   confinement. (*See* dkt. # 67-1 at 21-22.) To demonstrate this situation remains "ongoing,"

6   Plaintiffs now submit a February 2021 Child Protective Services' investigation that outlined that

7   GHS staff acknowledged or confirmed it is standard practice to handcuff youth in isolation for

8   noncompliance with strip searches and to withhold meals until they agree to comply. (*See id.*;

9   Nagy Decl. (Dkt. # 48-1), Ex. 1 at 6-8.) Plaintiffs' allegations of ongoing violation are further

10  recognized by Superintendent Redman's declaration that the use of mechanical restraints and

11  strip searches are currently utilized by GHS staff to prevent contraband and residents harming

12  themselves or others. (*See* Redman Decl. at ¶¶ 7-8.) Therefore, Plaintiffs' claims of ongoing

13  injury at GHS are not speculative nor conclusory as Plaintiffs' amended complaint plausibly

14  alleges an ongoing violation of federal law that the injunctive relief Plaintiffs seek would

15  seemingly serve to correct.

16     In regard to any issues with Plaintiffs' standing to seek injunctive relief, the Court also

17  finds that Plaintiffs' proposed amended claims would not be futile. It is well-established that

18  injunctive relief is appropriate "to prevent a substantial risk of serious injury from ripening into

19  actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). To establish the "injury in fact"

20  requirement for standing for prospective injunctive relief, a plaintiff must show "the alleged

21  threatened injury is sufficiently likely to [recur]." *Mayfield v. United States*, 599 F.3d 964, 970

22  (9th Cir. 2010). To do so, a plaintiff must "demonstrate 'that he is realistically threatened by a

23  repetition of [the violation].'" *Melendres v. Arpaio*, 695 F.3d 990, 997-98 (9th Cir.

2012) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). A plaintiff may prove an injury is likely to recur by demonstrating: (1) "the defendant had, at the time of the injury, a written policy, and that the injury 'stems from' that policy;'" or (2) "the harm is part of a 'pattern of officially sanctioned behavior, violative of the plaintiffs' [federal] rights.'" *Id.* at 998 (quoting *Mayfield*, 599 F.3d at 971).

In addition, where a plaintiff has been removed from the detention facility that is the subject matter of their complaint, "his action will usually become moot as to conditions at that particular facility." *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001). Nevertheless, an exception to mootness exists where a plaintiff shows there is a "reasonable expectation" or "demonstrated probability" that he will return to the facility from which he was transferred or released. *See Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986).

Here, the Court first notes that Mr. Ackerson remains housed at GHS. (Ackerson Decl. (Dkt. # 79) at ¶ 2.) Though Mr. Ackerson's allegations solely concern incidents that occurred in 2018, as considered above, Plaintiffs' amended complaint alleges DCYF's standard practices condone handcuffing youth in isolation for noncompliance with strip searches and that GHS's use of mechanical restraints and strip searches remains ongoing and capable of repetition. (*See* dkt. # 67-1 at 14-16, 19-23; Ackerson Decl. at ¶¶ 3-4.) Therefore, the Court finds Mr. Ackerson has standing to bring his amended claims seeking prospective injunctive relief.

Next, the Court notes Mr. Rogers no longer currently resides at GHS. Mr. Rogers was transferred from GHS to the Woodinville Community Facility on April 15, 2021, but is now detained at Naselle Youth Camp, a separate DCYF community facility. (Dkt. # 46 at 9; Rogers Decl. (dkt. # 81) at ¶ 48.) Plaintiffs' amended complaint alleges that Defendants' restraint practices occurred at other DCYF facilities outside of GHS pursuant to DCYF policies,

1    procedures, and practices. (*See* dkt. # 67-1 at 10-11.) Plaintiffs further submit Mr. Rogers

2    remains in DCYF custody at Naselle Youth Camp, and that he "could be back at [GHS] at any

3    time." (Dkt. # 86 at 5; *see* Rogers Decl. at ¶¶ 47-48.) Consequently, the Court finds Mr. Rogers

4    remains subject to the DCYF practices, that his return to GHS is otherwise plausible, and

5    therefore, he has standing to bring his amended claims seeking prospective injunctive relief.

6          Lastly, from the record it appears Mr. Rivera also no longer resides at GHS. The last

7    update the Court received from the parties as to Mr. Rivera's custody status indicated that Mr.

8    Rivera was released from DCYF custody to the Lewis County Jail on April 7, 2021. (*See* dkt.

9    # 46 at 9.) Plaintiffs argue that though Mr. Rivera is no longer in DCYF custody, he too faces a

10   continued risk of harm because there is a plausible chance he could be returned to GHS or face

11   similar conduct at another DCYF facility. (Dkt. # 86 at 5.) Despite Plaintiffs' contentions, it is

12   not entirely clear from the record at this time where Mr. Rivera is located, whether he could be

13   returned to GHS, or whether he might face Plaintiffs' alleged conduct at another DCYF facility.

14   (*See* Rivera Decl. (dkt. # 80).) At the same time, Defendants have not provided affirmative

15   evidence demonstrating that Mr. Rivera's return to a DCYF facility is not plausible to show

16   amendment of his claims for prospective injunctive relief would be futile. (*See* dkt. # 76 at 6-7.)

17   Therefore, the Court finds that Defendants have failed to demonstrate that granting Mr. Rivera

18   leave to amend his claims seeking prospective injunctive relief would be futile on standing

19   grounds at this time.

20         Accordingly, the Court finds that granting leave to amend Plaintiffs' claims would not be

21   futile, and therefore, grants Plaintiffs' Motion to Amend Complaint. Due to the pending nature of

22   this Court's previous Report and Recommendation authorizing Plaintiffs leave to amend,

23   Plaintiffs are directed to file their amended complaint within thirty (30) days of Judge Jones'

determination of the Report and Recommendation. The amended complaint must conform to Judge Jones' decision.

### D. Motion for Summary Judgment

Finally, Plaintiffs' Extension Motion requests that the Court consider Defendants' Motion for Summary Judgment at the same time it considers Plaintiffs' forthcoming motions for class certification and preliminary injunction, which Plaintiffs aver they will file concurrently. (Dkt. # 69 at 8-9.) Plaintiffs argue that factual issues related to Defendants' Motion for Summary Judgment are relevant to whether the Court should grant class certification, how to appropriately define the class, and whether to issue preliminary injunctive relief. (*Id.* at 9.) Per stipulation of the parties on September 28, 2021, Plaintiffs' deadline to file a motion for class certification was extended from December 3, 2021, to March 4, 2022. (Dkt. # 89.)

Here, Defendants will not be prejudiced by the Court's deferred consideration of their Motion for Summary Judgment due to the necessary discovery that must occur for Plaintiffs to respond to Defendants' Motion for Summary Judgment and for Defendants to respond to Plaintiffs' amended complaint. Therefore, based on the Court's grant of Plaintiffs' Extension Motion and Motion to Amend Complaint, the Court administratively strikes Defendants' Motion for Summary Judgment and defers its consideration pursuant to Fed. R. Civ. P. 56(d)(1). In the interest of judicial economy, Defendants are directed to re-file their Motion for Summary Judgment after Plaintiffs have filed their amended complaint. Though the Court's consideration of Defendants' qualified immunity defense may impact its consideration of Plaintiffs' forthcoming motions, at this time, the Court declines to defer its consideration of Defendants' Motion for Summary Judgment any further.

# IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiffs' Extension Motion (dkt. # 69) and Motion to Amend Complaint (dkt. # 67) are GRANTED. Plaintiffs shall file their amended complaint within **thirty (30)** days of Judge Jones' determination of this Court's previous Report and Recommendation (dkt. # 46) that conforms with Judge Jones' ruling. Plaintiffs are further directed to file an accurate redline with the submission of their amended complaint. Accordingly, the Court STRIKES Defendants' Motion for Summary Judgment (dkt. # 63) without prejudice to refiling upon submission of Plaintiffs' amended complaint.

The Clerk is directed to send copies of this Order to the parties and to the Honorable Richard A. Jones.

Dated this 12th day of October, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 14