The Honorable RICHARD A. JONES
U.S. Magistrate Judge MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ROGERS, RONALD ACKERSON, and DAMIEN RIVERA *et al.*,

        Plaintiffs,

vs.

DEPARTMENT OF CHILDREN, YOUTH and FAMILIES (DCYF) *et al.*,

        Defendants.

CASE NO. C21-5248-RAJ-MLP

PROTECTIVE ORDER

PURPOSES AND LIMITATIONS

Discovery in this action involves the production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties together move the Court to enter the following Protective Order. This Protective Order is not intended to confer blanket protection on all disclosures or responses to discovery; rather, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and they do not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

PROTECTIVE ORDER
NO. C21-5248-RAJ-MLP

1

COLUMBIA LEGAL SERVICES
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838; (206) 382-3386 (fax)

1    A.)  Dates of birth and names of minor children (LCR 5.2(a)(1-2));

2    B.)  Social security numbers and taxpayer identification numbers (5 U.S.C. § 552a(b);

3 LCR 5.2(a)(3));

4    C.)  Personal information in files maintained for clients of public institutions or

5 welfare recipients or records relating to commission of juvenile offenses (42 U.S.C. § 671(a)(8);

6 Wash. Rev. Code § 13.50.050; Wash. Rev. Code § 42.56.230(1); Wash. Rev. Code § 74.04.060);

7    D.)  Health care information (Wash. Rev. Code § 70.02.010 (17));

8    E.)  Records relating to mental illness and treatment (Wash. Rev. Code § 70.02.230;

9 Wash. Rev. Code § 70.02.240);

10    F.)  Records relating to substance use disorder treatment (45 C.F.R. Part 2);

11    G.)  Credit card numbers, debit card numbers, electronic check numbers, card

12 expiration dates, or bank or other financial account numbers (LCR 5.2(a)(4));

13    H.)  Personal information about agency employees, appointees, or elected officials

14 that would violate the right to privacy (Wash. Rev. Code § 42.56.230(3)); *see, e.g.*, *Brown v.*

15 *Seattle Public Schools*, 71 Wash. App. 613 (1993);

16    I.)  Documents containing information regarding the identity of persons making

17 reports regarding child abuse or neglect, and all files, reports, records, communications, and

18 working papers used or developed in the investigation or provision of protective services are

19 subject to protection under state law (Wash. Rev. Code §§ 26.44.125(6), 13.50.100) and federal

20 law (42 U.S.C. § 5106a(b)(2)(B)(viii-ix));

21    J.)  Documents containing information regarding the identity of persons or families

22 receiving child welfare services, and all files, reports, records, communications, and working

23 papers used or developed in the investigation or provision of protective services are subject to

24 protection under state law (Wash. Rev. Code § 13.50.100; Wash Rev. Code § 26.44.125(6)) and

25 federal law (42 U.S.C. § 5106a(b)(2)(B)(viii-ix); 42 U.S.C. § 671(a)(8)); and

26

PROTECTIVE ORDER    2    COLUMBIA LEGAL SERVICES
NO. C21-5248-RAJ-MLP           101 Yesler Way, Suite 300
                       Seattle, WA  98104
                (206) 464-0838; (206) 382-3386 (fax)

K.) Records and documents, other than the official juvenile court files, related to juvenile offenses are subject to protection under state law. (Wash. Rev. Code § 13.50.050)

3. SCOPE

The protections conferred by this Protective Order are not only for confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

4.2 Protection of records of juvenile offenders. Notwithstanding any other provision of this protective order, records related to individuals incarcerated in a juvenile rehabilitation facility based on the adjudication of a juvenile offense produced to Plaintiffs' counsel shall not be produced to, reviewed by, or shared with Plaintiffs unless Plaintiff is the subject of the records.

4.3 Disclosure of "CONFIDENTIAL" Information or Items. Unless authorized under RCW 70.02 or RCW 13.50 or otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

       (a)    the receiving party's next friends and counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

       (b)    the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, except as provided in paragraph 4.2 of this order, and unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

       (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       (d)    the court, court personnel, and court reporters and their staff;

       (e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

       (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

       (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    4.4    <u>Filing Confidential Material.</u> Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, to determine whether the designating party will remove the confidential designation, whether the

PROTECTIVE ORDER    4    COLUMBIA LEGAL SERVICES
NO. C21-5248-RAJ-MLP    101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838; (206) 382-3386 (fax)

document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5. DESIGNATING PROTECTED MATERIAL

    5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those materials, documents, items, or oral or written communications that qualify.. Prior to filing designated material with the Court, the parties must confer to limit designations to only those parts of materials, documents, items, or oral or written communications for which protection is warranted so that additional portions are not swept unjustifiably within the ambit of this Protective Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Protective Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Protective Order must be clearly so designated before or when the material is disclosed or produced.

        (a) <u>Information in documentary form</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

proceedings): the designating party must affix the word "CONFIDENTIAL" to any document containing confidential material. Documents produced in a native format that contain confidential material must be labeled confidential in a manner appropriate to the type of document. Additionally, documents containing information regarding the identity of persons making reports regarding child abuse or neglect are subject to protection under state law (Wash. Rev. Code §§ 26.44.125(6), 13.50.100(7)) and federal law (42 U.S.C. § 5106a(b)(2)(B)(viii-ix)).

(b)   <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)   <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate.</u>  An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material. Upon correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges.</u> Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

PROTECTIVE ORDER
NO. C21-5248-RAJ-MLP

6

COLUMBIA LEGAL SERVICES
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838; (206) 382-3386 (fax)

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer.</u> The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

  6.3 <u>Judicial Intervention.</u> If the parties cannot resolve a challenge without court intervention, the designating party may either schedule a conference call with the court or file and serve a motion to retain confidentiality under LCR 7 (and in compliance with LCR 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

  If a party or party's counsel in this action is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," they must:

PROTECTIVE ORDER 7 COLUMBIA LEGAL SERVICES
NO. C21-5248-RAJ-MLP  101 Yesler Way, Suite 300
  Seattle, WA 98104
  (206) 464-0838; (206) 382-3386 (fax)

      (a)    promptly notify the designating party in writing (copying opposing counsel if the designating party is a third party) and include a copy of the subpoena or court order;

      (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

      (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this t Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Pursuant to Fed. R. Evid. 502(d), when a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Fed. R. Evid. 502(d), disclosure of privileged information shall not constitute a waiver of attorney-client privilege or work product protection in this litigation or in any other federal or state proceedings. The parties have conferred on an appropriate non-waiver

PROTECTIVE ORDER
NO. C21-5248-RAJ-MLP

8

COLUMBIA LEGAL SERVICES
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838; (206) 382-3386 (fax)

agreement and order under Fed. R. Evid. 502 or express "claw-back" agreement. To facilitate the production of discovery, the parties agree to a claw-back provision as follows:

If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. If the receiving party (regardless of whether they have been notified) notices that a privileged and/or protected document has been disclosed, the receiving party will place that document into a file without reading further. After being notified, or after noticing the document that is privileged and/or protected, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

10. <u>PRIVILEGE LOGS</u>

Privilege logs shall be provided on a rolling basis simultaneously with each disclosure. The privilege log shall include a unique identification number for each document, the basis for the claim (*e.g.*, attorney-client privileged and/or work product protection), and the authority for the basis of the claim. In addition, the privilege log should identify the author/recipient or to/from/cc/bcc names; the subject matter or title; and date. Should the parties provide insufficient information for the purpose of evaluation of the privilege claim asserted, the receiving party may request additional information consistent with the Fed. R. Civ. P.

11. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts

and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

RESPECTFULLY SUBMITTED BY COUNSEL OF RECORD this 8th day of November, 2021.

COLUMBIA LEGAL SERVICES


s/      *Sarah R. Nagy*
SARAH R. NAGY, WSBA No. 52806
ALISON S. BILOW, WSBA No. 49823
NICHOLAS B. STRALEY, WSBA No. 25963
101 Yesler Way, Suite 300
Seattle, WA  98104
Telephone: (206) 464-0838
*Attorneys for Plaintiffs*

PROTECTIVE ORDER
NO. C21-5248-RAJ-MLP

10

COLUMBIA LEGAL SERVICES
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838; (206) 382-3386 (fax)

# ORDER

Based on the Parties' Submission as set forth above, it is

ORDERED that the Parties' proposed Protective Order is adopted and shall be in effect in this case. It is further

ORDERED that, pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney client privilege, attorney work product protection, or any other privilege or protection recognized by law.

Dated this 10th day of November, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

Presented by:
COLUMBIA LEGAL SERVICES

s/ Sarah R. Nagy
SARAH R. NAGY, WSBA #52806
NICHOLAS B. STRALEY, WSBA #25963
ALISON S. BILOW, WSBA #49823
101 Yesler Way, Suite 300
Seattle, WA 98104
Telephone: (206) 464-0838
*Attorneys for Plaintiffs*

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

PROTECTIVE ORDER
NO. C21-5248-RAJ-MLP

12

COLUMBIA LEGAL SERVICES
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838; (206) 382-3386 (fax)